## CITY OF DAYTON

v.

## SMITH.

Dayton Municipal Court.

No. 94 CRB 5082.

Decided Nov. 8, 1994.

*Mark L. Seip*, Assistant City Prosecutor, for plaintiff.

*Tim Young*, for defendant.

Alice O. McCollum, Judge.

This cause came before the court on defendant's motion to dismiss and to declare R.C. 2903.211 unconstitutional, and the state's memorandum contra defendant's motion to dismiss. An oral hearing was held on October 21, 1994.

Defendant, Michael R. Smith, was charged with stalking in violation of R.C. 2903.211, the newly enacted anti-stalking statute. The complaint reads in pertinent part:

"[O]n or about July 15, 1994, Michael Smith did unlawfully engage in a pattern of conduct which knowingly caused Diana Chivers to believe that he would cause physical harm or mental illness to her."

The statute reads as follows:

"No person, by engaging in a pattern of conduct, shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person."

Defendant's argument centers on the statute's definition of "pattern of conduct." The legislature defined this phrase as follows:

" * * * two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents."

Based on this definition, defendant argues that the statute is vague and overbroad and therefore unconstitutional.

■ This court must start with the basic premise that there is a general presumption in favor of the validity of legislation and that every reasonable presumption must be indulged in favor of the constitutionality of a statute. *Am. Cancer Soc., Inc. v. Dayton* (1952), 94 Ohio App. 131, 50 O.O. 218, 110 N.E.2d 605, affirmed (1953), 160 Ohio St. 114, 51 O.O. 32, 114 N.E.2d 219. The presumption in favor of constitutionality cannot be overcome unless it appears that there is a clear conflict between the legislation in question and a provision of the Constitution. When legislation has a real and substantial relation to the prevention of conditions detrimental to the public health, safety, welfare, or morals, it is not for judicial tribunals to nullify it upon constitutional grounds. *Pritz v. Messer* (1925), 112 Ohio St. 628, 149 N.E. 30. It is the duty of a court, where constitutional questions are raised, to liberally construe a statute to save it from constitutional infirmities. *State v. Sinito* (1975), 43 Ohio St.2d 98, 72 O.O.2d 54, 330 N.E.2d 896.

■ In determining whether a statute is vague, the court is guided by the United States Supreme Court, which has developed a vagueness doctrine that demands (1) that a statute be written so an ordinary person can understand what is prohibited, and (2) that the law be written so that arbitrary, discriminatory enforcement is not encouraged. *Papachristou v. Jacksonville* (1972), 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110. To prove the statute vague, a defendant must show that the statute specifies *no standard of conduct at all.* *Coates v. Cincinnati* (1971), 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214, followed in *State v. Collier* (1991), 62 Ohio St.3d 267, 269, 581 N.E.2d 552, 553–554; *Cleveland v.*

*Debose* (Apr. 8, 1993), Cuyahoga App. No. 61870, unreported, 1993 WL 106950. If a statute specifies no standard of conduct and is vague in *all* its applications, then it is unconstitutional for vagueness. *State v. Anderson* (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224.

Defendant asserts that R.C. 2903.211 has no standard of conduct because it does not require criminal motive or intent. Defendant relies on *State v. Kahles* (Mar. 8, 1994), Florida Cir.Ct. 17th Dist., Docket No. 92–002819, unreported, where the court ruled a similar statute unconstitutional because it lacked a threat requirement or any kind of specific intent requirement. However, that case has been reversed and remanded by *State v. Kahles* (Fla.App.1994), 644 So.2d 512, with instructions to the lower court that the defendant's conduct must be considered because a statute cannot be challenged for vagueness if it clearly applies to a defendant's conduct. Defendant Smith also relies on *State v. Van Gundy* (1992), 64 Ohio St.3d 566, 597 N.E.2d 450, where the Ohio Supreme Court decided that the Ethnic Intimidation Statute was unconstitutional for encouraging arbitrary and discriminatory enforcement. However, *State v. Van Gundy* was reversed and remanded by the Ohio Supreme Court in 1994 based on the United States Supreme Court's holding in *Wisconsin v. Mitchell* (1993), 503 U.S. ——, 113 S.Ct. 2194, 124 L.Ed.2d 436, that ethnic intimidation statutes do not violate free speech rights and are not overbroad. The statutes require motive or intent and are primarily aimed at harmful, unprotected conduct that the state has an interest in controlling; moreover, the statutes have no "chilling" effect on First Amendment rights. *State v. Van Gundy* (1994), 68 Ohio St.3d 162, 624 N.E.2d 722.

The Stark County Court of Appeals defined the word "knowingly" as used in R.C. 2903.211 as follows: "A person acts knowingly, regardless of purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." *State v. Wasmire* (Aug. 6, 1994), Stark App. No. 1994CA00012, unreported, 1994 WL 476462. The court in *Wasmire* held that evidence must show that the defendant's actions were knowingly directed towards the victim, causing the victim to believe he would cause her physical harm or causing the victim mental distress, before the required intent was met. The statute requires that the defendant be *aware* his conduct will *cause* his victim *harm.*

Defendant also asserts that words "pattern of conduct" are ambiguous and provide no standard of conduct. "Pattern of conduct" is defined in R.C. 2903.211(C)(1) as "two or more actions or incidents closely related in time * * *." Courts in other states have defined a "pattern of conduct" as "a series of acts over a period of time, however short, evidencing a continuity of purpose" and as "acting on more than one occasion." *People v. Heilman* (1994), 25 Cal.App.4th

391, 30 Cal.Rptr.2d 422; *State v. Culmo* (1993), 43 Conn.Supp. 46, 642 A.2d 90; *Commonwealth v. Kwiatkowski* (1994), 418 Mass. 543, 637 N.E.2d 854. The Ohio statute more specifically defines "pattern of conduct" than either the Connecticut or Massachusetts anti-stalking statutes, which have been upheld as constitutionally sound.

■ Finally, defendant asserts that R.C. 2903.211 is overbroad because it intrudes on First Amendment freedoms. In *Wisconsin v. Mitchell,* the United States Supreme Court held that an anti-stalking statute was not overbroad because it required intent, was *primarily* aimed at harmful, unprotected behavior, and had no "chilling" effect on First Amendment rights. It has been established by the Supreme Court that the overbreadth of a statute must be real, substantial, and judged in relation to the state's interest in controlling harmful, unprotected conduct. *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 93 S.Ct. 2908, 37 L.Ed.2d 830. A Connecticut court found that an anti-stalking law, which can be violated without involving First Amendment freedoms, is usually aimed at unprotected behavior and is not facially overbroad. *State v. Culmo, supra.* A Virginia appellate court held that an anti-stalking law is not vague or overbroad when it requires specific intent with more than one act and is aimed primarily at conduct having *no legitimate purpose. Woolfolk v. Commonwealth* (1994), 18 Va.App. 840, 447 S.E.2d 530.

Defendant alleges R.C. 2903.211 "chills the rights to move freely, to exercise religion by proselytizing, to assembly and petition, and to have freedom of the press." While it is possible these protected rights could be swept under the anti-stalking statute, the overbreadth would *not be substantial. Broadrick v. Oklahoma* and *State v. Culmo.* A person practicing any of the above rights could not be found guilty of violating R.C. 2903.211 without proof he intended to cause another person harm; the conduct referred to by R.C. 2903.211 is not protected by the First Amendment. *State v. Benner* (1994), 96 Ohio App.3d 327, 644 N.E.2d 1130. The state has a right to protect the public from harmful, unprotected conduct, and this right should not be taken away because a statute can be applied to an insubstantial amount of protected conduct. Even though R.C. 2903.211 can be stretched to fit innocent situations other than stalking, it has not been proven by defendant to be vague in *all* its applications or overbroad by involving a *substantial* amount of protected conduct. *State v. Anderson* and *Hoffman Estates v. Flipside, infra.*

In light of the foregoing, the court finds that R.C. 2903.211 is *not* vague or overbroad because defendant has *not* shown it includes a substantial amount of protected conduct, is impermissibly vague in all its applications, or it does not clearly proscribe his conduct. *Hoffman Estates v. Flipside Hoffman Estates, Inc.* (1982), 455 U.S. 489, 495, 102 S.Ct. 1186, 1191–1192, 71 L.Ed.2d 362, 369–370.

Defendant's motion to dismiss and to declare R.C. 2903.211 unconstitutional is hereby *DENIED*.[1]

*So ordered.*

---

1. Reporter's Note: Subsequent to this order, defendant died.