**The STATE of Ohio, Appellant,**

**v.**

**BENNER, Appellee.**

[Cite as *State v. Benner* (1994), 96 Ohio App.3d 327.]

Court of Appeals of Ohio,
Hamilton County.

No. C–930400.

Decided Aug. 31, 1994.

Bettman, J., dissented and filed an opinion.

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *L. Susan Laker,* Assistant Prosecuting Attorney, for appellant.

*Charles E. Strain,* for appellee.

---

*Per Curiam.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers of the Hamilton County Municipal Court, and the briefs and arguments of counsel.

On February 11, 1993, defendant-appellee, Michael R. Benner, was arrested and charged with menacing by stalking, a violation of R.C. 2903.211, after a complaint was filed in the Hamilton County Municipal Court. Benner filed a motion to dismiss the charge premised on the assertion that R.C. 2903.211 is

facially void for vagueness in violation of the Fourteenth Amendment to the United States Constitution. Plaintiff-appellant, the state of Ohio, opposed the motion. Following a hearing and oral arguments on the motion, the trial court granted Benner's motion to dismiss, ruling that "Section 2903.211 O.R.C. the 'Menacing by Stalking' statute is unconstitutionally vague in that the definition of 'Pattern of Conduct': [*sic*] as set forth in the statute is vague and lacks specificity." [1] The state timely filed its notice of appeal.

In its single assignment of error, the state contends that the trial court erred in finding the specific language of R.C. 2903.211 [2] to be unconstitutionally vague and thereby granting defendant's motion to dismiss. We do not reach the merits of the state's assignment of error, but reverse the trial court's decision because appellee fails to meet the criteria necessary to raise a facial challenge.

A facial challenge to the constitutionality of a statute premised on an allegation that a statute is void for vagueness is appropriate in two circumstances: (1) when a statute threatens to chill constitutionally protected conduct such that people may refrain from "speaking rather than challenge the statute's constitutionality in their criminal prosecution," or (2) in some circumstances, where one has not been charged, a challenger may challenge a statute as "vague in all its applications." *United States v. Gaudreau* (C.A.10, 1988), 860 F.2d 357. Neither situation is applicable in the case *sub judice*.

The statute at issue is not, on its face, "so vague and indefinite, in form and as interpreted, as to permit within the scope of its language the punishment of incidents fairly within the protection of the guarantee of free speech" such that a facial challenge could be brought on the basis that the statute chills constitutionally protected conduct. [3] We do not believe it is fairly within the protection of

---

1. In his brief, Benner also discusses the alleged overbreadth of the statute. Since the state's appeal is based on the judgment entered by the trial court and the judgment addresses only vagueness, we will not focus our analysis on overbreadth except to point out that while they are two separate doctrines, the United States Supreme Court has "traditionally viewed vagueness and overbreadth as logically related and similar doctrines." *Kolender v. Lawson* (1983), 461 U.S. 352, 359, 103 S.Ct. 1855, 1859, 75 L.Ed.2d 903, 910, fn. 8.

2. R.C. 2903.211 states, in pertinent part, that:
   "(A) No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.
   "* * *
   "(C) As used in this section:
   "(1) 'Pattern of conduct' means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents."

3. We do not accept Benner's argument that First Amendment rights include within their purview the freedom of movement. While right to freedom of movement has been recognized,

the First Amendment's guarantee of free speech to *knowingly* cause another to believe one will cause physical harm or mental distress to him or her by engaging in two or more actions or incidents closely related in time.

Moreover, because "[i]t is well established that vagueness challenges to statutes which do not involve First Amendment freedoms must be examined in the light of the facts of the case at hand[,]" *United States v. Mazurie* (1975), 419 U.S. 544, 550, 95 S.Ct. 710, 714, 42 L.Ed.2d 706, 713; see *Chapman v. United States* (1991), 500 U.S. 453, 467, 111 S.Ct. 1919, 1929, 114 L.Ed.2d 524, 539–540, we are not free to speculate as to the hypothetical situations in which the stalking statute may be vague. Thus, a facial challenge to the constitutionality of R.C. 2903.211 fails under the first circumstance allowing such a challenge.

■ We next determine whether Benner may apply the second circumstance wherein a facial challenge is available. Benner must prove that R.C. 2903.211 is impermissibly vague in all its applications to successfully make a facial challenge where constitutionally protected conduct is not at issue. See *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362. A statute which is impermissibly vague in all its applications supplies no ascertainable standard by which to determine what conduct is included and what conduct is excluded from its proscription. See, *e.g., Coates v. Cincinnati* (1971), 402 U.S. 611, 614, 91 S.Ct. 1686, 1688, 29 L.Ed.2d 214, 217–218. In other words, a criminal provision is vague "not in the sense that it requires a person to conform his conduct to an imprecise but comprehensible normative standard, but rather in the sense that no standard of conduct is specified at all." *Id.* Thus, "[i]f a statute is vague in all its applications then it will necessarily be vague 'as applied' in every case." *Gaudreau, supra,* 860 F.2d at 361. Benner has not met this burden.

■ In the case *sub judice* Benner was charged with menacing by stalking pursuant to R.C. 2903.211. The complainant filed a complaint in which she swore that Benner knowingly drove around her apartment complex repeatedly after being told not to bother the complainant. In an affidavit filed with the court, the complainant swore that for six months Benner had been driving around her apartment complex and following her to events. She further stated he had driven slowly through her complex for three Tuesdays. At one time, while she called the police, he stood in the breezeway of a building across from her, watching her through the window. She stated therein that she had filed several

---

we do not see how such a right is encompassed by speech or conduct protected by the First Amendment. See, *e.g., Attorney General of New York v. Soto–Lopez* (1986), 476 U.S. 898, 901, 106 S.Ct. 2317, 2320–2321, 90 L.Ed.2d 899, 904.

reports concerning this.[4] If these facts were proven at trial, Benner's conduct would clearly be prohibited under R.C. 2903.211, thus precluding a determination that the statute is vague in all of its applications.[5] Benner, therefore, has no grounds upon which to assert a facial challenge.[6]

Because neither party has raised before the trial court or before this court the issue of the constitutionality of the stalking statute as it applies to the facts of the present case, we will not make a determination on the record before us. See App.R. 12(A).

Accordingly, the trial court's judgment is reversed and the cause is remanded to the trial court for further proceedings consistent with this decision.

*Judgment reversed*
*and cause remanded.*

HILDEBRANDT, P.J., and DOAN, J., concur.

M.B. BETTMAN, J., dissents.

M.B. BETTMAN, Judge, dissenting.

I believe that this court should decide in this case whether the antistalking statute is or is not void for vagueness.

---

**4.** It is interesting to note that the trial court, during the hearing on the challenge to the statute, ordered Benner, without a determination of guilt or innocence, to stay away from the complainant.

**5.** In this context we also note that "[o]ne to whose conduct a statute clearly applies may not successfully challenge it for vagueness." *Parker v. Levy* (1974), 417 U.S. 733, 756, 94 S.Ct. 2547, 2562, 41 L.Ed.2d 439, 457–458.

**6.** Because Benner's facial challenge must fail and he has not raised a challenge to the statute as it applies to the facts at hand, we do not address the standard of vagueness as set forth in *Papachristou·v. Jacksonville* (1972), 405 U.S. 156, 92 S.Ct. 839, 31 L.Ed.2d 110.