The STATE of Ohio, Appellee,

v.

DARIO, Appellant.

[Cite as *State v. Dario* (1995), 106 Ohio App.3d 232.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–940844.

Decided Sept. 20, 1995.

*Fay D. Dupuis*, City Solicitor, *Terrence R. Cosgrove* and *Kevin O. Donovan*, for appellee.

*H. Fred Hoefle*, for appellant Edwin Dario.

*Per Curiam.*

This appeal follows appellant's conviction for menacing by stalking, in violation of R.C. 2903.211.

The record reveals that appellant and the victim had been cohabiting for approximately three years. On March 14, 1994, when the victim tried to leave the residence, appellant beat her with a coat hanger, threatened to kill her and tried to strangle her. Two weeks later, a quarrel took place during which appellant used a knife to "tear things up" at the residence. On April 24, 1994, while appellant was out of town, the victim left the residence and moved in with some friends. The victim told her friends that she was afraid that appellant would try to kill her.

The same day, appellant called the home where the victim was staying. Later, appellant came to the home and confronted the victim as she and her friend were trying to leave. Appellant blocked the friend's car, pounded on the car window and screamed at the victim. Appellant left but returned later that evening. When the victim stated that she did not want to see appellant again, he threatened to ruin her career and told her she was "finished."

Appellant appeared in the lobby of the bank where the victim was employed the following day. Because she did not want a scene at work, the victim directed appellant outside the building. Appellant threatened to go back inside the bank and cause a scene. He left only after the victim agreed to meet appellant at a

counselor's office. The victim later called the counselor and said that she would not participate in any meeting with appellant.

On April 26, 1994, appellant left flowers on the victim's doorstep with a note which stated "I'll do anything to get you back." The following day, appellant called the victim at work and stated that he would "get her back." The victim made it clear that the relationship was over. Subsequently, appellant left more flowers and a letter for the victim.

Appellant called the home in which the victim was staying on April 28, 1994. The victim again told appellant that the romance was over. The victim testified, "I thought he would potentially kill me. He had tried before. There had been physical abuse in our relationship. I was scared for my life."

On May 1, 1994, the victim signed a complaint and affidavit charging appellant with menacing by stalking. Following a bench trial, appellant was found guilty as charged and sentenced as appears of record. Appellant raises six assignments of error for our review.

Appellant's first assignment of error alleges that R.C. 2903.211, Ohio's antistalking statute, is unconstitutionally vague and overbroad. Initially, we note that there is a strong presumption in favor of the constitutionality of statutes. *State v. Anderson* (1991), 57 Ohio St.3d 168, 566 N.E.2d 1224; *State v. Bertke* (Aug. 10, 1988), Hamilton App. No. C–870524, unreported, 1988 WL 83491. The party challenging a statute must prove that it is unconstitutional beyond a reasonable doubt. *Id.; Hilton v. Toledo* (1980), 62 Ohio St.2d 394, 16 O.O.3d 430, 405 N.E.2d 1047. Where there is more than one possible interpretation of a statute, the court must construe the statute so as to save it from constitutional infirmities. *State v. Sinito* (1975), 43 Ohio St.2d 98, 72 O.O.2d 54, 330 N.E.2d 896.

Bearing in mind these general principles, we turn to appellant's argument that the antistalking statute is void for vagueness. The vagueness doctrine, which is premised on the due process provision of the Fourteenth Amendment,[1] requires a statute to give "fair notice of offending conduct." A statute is void for vagueness if it " 'fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute' * * * [or if] it encourages arbitrary and erratic arrests and convictions." *Papachristou v. Jacksonville* (1972), 405 U.S. 156, 162, 92 S.Ct. 839, 843, 31 L.Ed.2d 110, 115 (quoting *United States v. Harriss* [1954], 347 U.S. 612, 617, 74 S.Ct. 808, 812, 98 L.Ed. 989, 996).

---

1. We are aware that First Amendment freedoms may be implicated in the void-for-vagueness doctrine. We held in *State v. Benner* (1994), 96 Ohio App.3d 327, 644 N.E.2d 1130, that the conduct referred to by R.C. 2903.211 is not protected by the First Amendment. Appellant's argument in the instant cases raises due process considerations under the Fourteenth Amendment.

A criminal statute must define the offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement. *Kolender v. Lawson* (1983), 461 U.S. 352, 357, 103 S.Ct. 1855, 1858, 75 L.Ed.2d 903, 908. The Supreme Court of Ohio stated in *State v. Tanner* (1984), 15 Ohio St.3d 1, 3, 15 OBR 1, 2–3, 472 N.E.2d 689, 691:

"Three 'values' rationales are advanced to support the 'void for vagueness' doctrine. * * * These values are first, to provide fair warning to the ordinary citizen so behavior may comport with the dictates of the statute; second, to preclude arbitrary, capricious and generally discriminatory enforcement by officials given too much authority and too few constraints; and third, to ensure that fundamental constitutionally protected freedoms are not unreasonably impinged or inhibited."

The Constitution demands more clarity of laws which threaten to inhibit constitutionally protected conduct. *Grayned v. Rockford* (1972), 408 U.S. 104, 108–109, 92 S.Ct. 2294, 2298–2299, 33 L.Ed.2d 222, 227–228. A statute is not void solely because it could have been drafted more precisely. *State v. Dorso* (1983), 4 Ohio St.3d 60, 4 OBR 150, 446 N.E.2d 449; *State v. Bertke, supra.* If a statute specifies no standard of conduct and is vague in all its applications, then it is unconstitutional for vagueness. *Village of Hoffman Estates v. The Flipside, Hoffman Estates, Inc.* (1982), 455 U.S. 489, 102 S.Ct. 1186, 71 L.Ed.2d 362; *State v. Anderson, supra.*

R.C. 2903.211 provides in pertinent part:

"(A) No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.

" * * *

"(C) As used in this section:

(1) "Pattern of conduct" means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents."

Appellant argues that R.C. 2903.211 is unconstitutionally vague because the phrases "pattern of conduct" and "closely related in time" are so "loosely defined" that the statute gives neither reasonable notice to ordinary citizens of what is prohibited nor reasonable standards for those charged with its enforcement. As a result, appellant argues, the statute chills or inhibits the exercise of constitutional rights.

■ The elements of menacing by stalking, R.C. 2903.211, are: (1) by engaging in a pattern of conduct, (2) to knowingly, (3) cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person. *State v. Davidson* (June 28, 1995), Montgomery App. No. 14638, unreported, 1995 WL 396455. The statute defines "pattern of conduct" as "two or more actions or incidents closely related in time." Words in statutes are to be read in context and accorded their ordinary meanings. R.C. 1.42; *State v. Bertke, supra.*

■ A statute that is vague in some applications can be salvaged by a scienter requirement. *Hoffman Estates, supra,* 455 U.S. at 499, 102 S.Ct. at 1193, 71 L.Ed.2d at 372. The level of intent required by a statute can mitigate any perceived vagueness, both facial and as applied. *Id.* R.C. 2903.211 requires that the offender "knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." "Knowingly" is one of the culpable mental states defined in R.C. 2901.22(B), which states:

"A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

Taking the statute as a whole, we hold that "pattern of conduct" is sufficiently defined as "two or more actions or incidents." The language is simple and easily understood. One action or incident is not sufficient to invoke the statute. The phrase "closely related in time," while it may have a variety of shades of meaning depending upon the context of its use, is not unduly vague as used in the statute. The statute does not attempt to define the exact time frame within which the two or more actions or incidents must occur. However, in failing to set forth a time frame, R.C. 2903.211 is not different from other statutes which leave equally vexing questions unanswered. The question of whether the actions or incidents are "closely related in time" is a question best reserved for the trier of fact considering the evidence in the context of all the circumstances in the case. See *Connecticut v. Culmo* (1993), 43 Conn.Supp. 46, 642 A.2d 90. Any ambiguity in the phrase "closely related in time" is not sufficient to render its meaning incomprehensible to persons of ordinary intelligence.

Further, the statute requires that the offender act knowingly. In order to be convicted under the statute, the offender must be aware that his conduct will probably cause the other person to believe the offender will cause him or her physical harm or mental distress. The scienter requirement vitiates any claim that the statute's purported vagueness could mislead a person of ordinary intelligence into misunderstanding what is prohibited. Viewing the statute in its

entirety, we hold that a person of ordinary intelligence would be able to discern what conduct is prohibited. The statute on its face does not implicate speech or expression or freedom of movement, it criminalizes conduct only when taken with the requisite mental state. *Id.*

Additionally, we hold that the statute establishes sufficient guidelines for its enforcement. The enforcement of all criminal statutes involves the exercise of discretion on the part of law enforcement personnel. The statute is narrow in scope and sufficiently explicit to provide law enforcement personnel guidelines as to its proper use and does not encourage arbitrary enforcement.

Finally, we hold that while the statute may affect in some way a person's freedom of movement, the statute passes constitutional muster because the state has a sufficiently compelling interest in protecting its citizens from the consequences of stalking behavior. We hold that R.C. 2903.211 is not void for vagueness.

 Appellant also argues that R.C. 2903.311 is unconstitutionally over-broad. The critical question to be addressed in an overbreadth challenge is "whether the [statute] sweeps within its prohibitions what may not be punished under the First * * * Amendment." *Grayned, supra,* 408 U.S. at 114–115, 92 S.Ct. at 2302, 33 L.Ed.2d at 231. A statute which regulates conduct rather than "pure speech" can be invalidated as unconstitutionally overbroad where the overbreadth is shown to be "real [and] substantial * * * judged in relation to the statute's plainly legitimate sweep," and the statute is not susceptible of a limiting construction or impartial invalidation. *Broadrick v. Oklahoma* (1973), 413 U.S. 601, 613–615, 93 S.Ct. 2908, 2917–2918, 37 L.Ed.2d 830, 840–841.

 We must determine whether R.C. 2903.211 reaches a substantial amount of constitutionally protected conduct. See *Houston v. Hill* (1987), 482 U.S. 451, 458–459, 107 S.Ct. 2502, 2508, 96 L.Ed.2d 398, 409–410; *Hoffman Estates, supra,* 455 U.S. at 494, 102 S.Ct. at 1191, 71 L.Ed.2d at 368. This determination must be based on the text of the statute and any judicially imposed limiting construction. *Boos v. Barry* (1988), 485 U.S. 312, 329, 108 S.Ct. 1157, 1168, 99 L.Ed.2d 333, 349; *Kolender, supra,* 461 U.S. at 355, 103 S.Ct. at 1857, 75 L.Ed.2d at 907; *Hoffman Estates, supra,* 455 U.S. at 494, 102 S.Ct. at 1191, 71 L.Ed.2d at 368. "[T]here must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court * * *." *Members of City Council v. Taxpayers for Vincent* (1984), 466 U.S. 789, 801–802, 104 S.Ct. 2118, 2126, 80 L.Ed.2d 772, 784–785. A court must construe the statute in such a way as to save it from constitutional infirmity. *State v. Sinito, supra.*

We hold that R.C. 2903.211 does not criminalize a substantial amount of constitutionally protected activity. The statute is clearly not aimed at the expression of ideas but at oppressing behavior which invades another person's privacy interests. We do not believe that the First Amendment protects the type of activity prohibited by R.C. 2903.211: knowingly causing another to believe that the offender will cause the other person physical harm or mental distress by engaging in two or more actions closely related in time. *State v. Benner* (1994), 96 Ohio App.3d 327, 330, 644 N.E.2d 1130, 1132.

Because we conclude that R.C. 2903.211 does not sweep within its prohibitions a substantial amount of protected conduct, we hold that it is not substantially overbroad and that "whatever overbreadth may exist should be cured through case-by-case analysis of the fact situations to which its [prohibitions], assertedly, may not be applied." (Footnote omitted.) *Broadrick, supra*, 413 U.S. at 615–616, 93 S.Ct. at 2918, 37 L.Ed.2d at 842; *Cincinnati v. Thompson* (1994), 96 Ohio App.3d 7, 23, 643 N.E.2d 1157, 1168. The first assignment of error is overruled.

For his second assignment of error, appellant alleges that R.C. 2903.211 is unconstitutional as applied to him under the facts of this case. When a statute is challenged on the ground that it is unconstitutional as applied, the burden is on the attacking party to present clear and convincing evidence of a presently existing set of facts which makes the statute void and unconstitutional when applied thereto. *Cleveland Gear Co. v. Limbach* (1988), 35 Ohio St.3d 229, 520 N.E.2d 188; *State v. Beckley* (1983), 5 Ohio St.3d 4, 5 OBR 66, 448 N.E.2d 1147; *State v. Lafever* (Dec. 6, 1989), Hamilton App. No. C–880697, unreported, 1989 WL 146434. To decide whether the statute is unconstitutional as applied, we must determine whether appellant "had a constitutionally protected right to engage in the type of activity he allegedly committed." *State v. Bilder* (1994), 99 Ohio App.3d 653, 663–664, 651 N.E.2d 502, 509. If appellant did not have a constitutionally protected right to engage in that activity then his argument that the statute is unconstitutional as applied must fail. See *id.; State v. Benson* (1992), 81 Ohio App.3d 697, 612 N.E.2d 337.

Under the facts in this case, appellant did not have a constitutionally protected right to knowingly cause the victim to believe that he would cause her physical harm or mental distress by engaging in one or more actions closely related in time. Appellant has not presented any evidence of a presently existing set of facts which makes the statute void and unenforceable when applied thereto. The second assignment of error is overruled.

Appellant's third assignment of error, which alleges that appellant's trial counsel was ineffective for failing to raise the question of the constitutionality of R.C. 2903.211 before the trial court, is overruled because we have held under

appellant's first and second assignments of error that the statute is not unconstitutional on its face or as applied to appellant.

Appellant's fourth, fifth and sixth assignments of error, which he argues together, allege that his conviction for menacing by stalking was based upon insufficient evidence and was against the manifest weight of the evidence, and that the trial court erred in overruling his Crim.R. 29 motion for acquittal. The assignments of error are overruled.

In *State v. Woodgeard* (Apr. 29, 1994), Fairfield App. No. 45–CA–SEP–1993, unreported, 1994 WL 167928, the court upheld a conviction under R.C. 2903.211 where the defendant had been involved romantically with the victim and the relationship had terminated as the result of an assault on the victim by the defendant. The victim was counseled at a battered-women's shelter. After the relationship had ended, the defendant made harassing phone calls to the victim. He was charged with menacing by stalking when he drove past the victim's home, causing her to be fearful.

A conviction under R.C. 2903.211 was also upheld in *State v. Wilcox* (Oct. 14, 1994), Tuscarawas App. No. 94–AP–030022, unreported, 1994 WL 590407, where the defendant, a co-worker of the victim, followed the victim from work on two occasions and made derogatory comments about her, causing the victim to fear for herself and her family.

In the case *sub judice*, the prosecution presented evidence that appellant assaulted the victim, followed her, telephoned her at home and work, came to the house where she was staying, left unwanted flowers and notes for the victim, showed up at her place of employment, threatened her career and caused her to fear for her life. Based upon these facts, we hold that the record contains substantial evidence from which the trial court could have reasonably concluded that the elements of menacing by stalking had been proved beyond a reasonable doubt, and that appellant was the perpetrator of the crime. See *State v. Eley* (1978), 56 Ohio St.2d 169, 10 O.O.3d 340, 383 N.E.2d 132. The evidence was such that reasonable minds could have reached differing conclusions as to whether each material element of the crime of menacing by stalking had been proved beyond a reasonable doubt. See *State v. Bridgeman* (1978), 55 Ohio St.2d 261, 9 O.O.3d 401, 381 N.E.2d 184. Further, we hold that the trial court did not lose its way and create such a manifest miscarriage of justice that appellant's conviction must be reversed. See *State v. Martin* (1983), 20 Ohio App.3d 172, 20 OBR 215, 485 N.E.2d 717.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

GORMAN, P.J., DOAN and HILDEBRANDT, JJ., concur.