On May 13, 1983, appellant, Jeffrey Wayne Grigsby, and Tina Henderhan were married. Five children were born as issue of said marriage. In March of 1994, the parties were divorced. Appellant was denied visitation with the children and was to have no contact with Ms. Henderhan.
On several occasions in the spring of 1996, Ms. Henderhan observed appellant near her home and her place of employment. Subsequently, on July 5, 1996, appellant was convicted in the Canton Municipal Court of menacing by stalking in violation of R.C. 2903.211 (Case No. 96-CRB-01854). Appellant was to have no contact with Ms. Henderhan.
In the summer of 1998, Ms. Henderhan observed appellant near her person at a baseball field and again near her home on several occasions. On October 2, 1998, the Stark County Grand Jury indicted appellant on one count of menacing by stalking in violation of R.C. 2903.211 with a prior conviction specification. Prior to trial, appellant filed several motions to dismiss the indictment and suppress the arrest claiming the charge of menacing by stalking was unconstitutional. The trial court denied all motions.
A jury trial commenced on November 9, 1998. The jury found appellant guilty as charged. By judgment entry filed November 16, 1998, the trial court sentenced appellant to a determinate term of twelve months in prison. On same date, appellant filed motions for new trial, arrest of judgment and directed verdict. By judgment entry filed November 16, 1998, the trial court denied said motions.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE DETRIMENT OF APPELLANT BY DENYING APPELLANT'S PRETRIAL MOTIONS TO DISMISS THE INDICTMENT.
II
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE DETRIMENT OF APPELLANT BY DENYING APPELLANT'S MOTIONS FOR DIRECTED VERDICT.
III
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR TO THE DETRIMENT OF APPELLANT BY DENYING APPELLANT'S POST TRIAL MOTIONS.
IV
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR DURING THE COURSE OF THE TRIAL WHICH DEPRIVED APPELLANT PROCEDURAL DUE PROCESS OF LAW AND WHICH DENIED APPELLANT HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.
V
 THE TRIAL COURT ABUSED ITS DISCRETION IN ITS SENTENCING OF APPELLANT TO THE MAXIMUM PRISON TERM.
 I, III
Appellant claims the trial court erred in denying his pretrial and post trial motions. We disagree.
Appellant filed numerous motions to dismiss the indictment and suppress the arrest and motions for judgment of acquittal, arrest of judgment and new trial challenging the wording of the indictment and the constitutionality of the menacing by stalking statute, R.C. 2903.211. Said statute states as follows:
 (A) No person by engaging in a pattern of conduct shall knowingly cause another to believe that the offender will cause physical harm to the other person or cause mental distress to the other person.
* * *
(C) As used in this section:
 (1) 'Pattern of conduct' means two or more actions or incidents closely related in time, whether or not there has been a prior conviction based on any of those actions or incidents.
 (2) 'Mental distress' means any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require psychiatric treatment.
Appellant argues his acts of driving on a public road and walking onto a public baseball field were not criminal acts but were made criminal through the application of R.C. 2903.211. Appellant argues the statute deprived him of equal protection under the law.
As for the general constitutionality of R.C. 2903.211, we agree with the reasoning of our brethren from the First, Seventh, Eighth, Ninth and Twelfth Districts and hold the menacing by stalking statute to be constitutional. See,State v. Dario (1995), 106 Ohio App.3d 232; State v. Smith
(February 11, 1998), Mahoning App. No. 96CA83, unreported;State v. Francway (August 17, 1995), Cuyahoga App. No. 68116, unreported; State v. Bilder (1994), 99 Ohio App.3d 653; Statev. Schwab (1997), 119 Ohio App.3d 463.
As for the constitutionality of R.C. 2903.211 as applied to appellant, the burden is on appellant "to present clear and convincing evidence of a presently existing set of facts which makes the statute void and unconstitutional when applied thereto." Dario at 240. To determine if R.C. 2903.211 is unconstitutional as applied, we must decide whether appellant "had a constitutionally protected right to engage in the type of activity he allegedly committed." Bilder at 663-664.
Although appellant's acts were legal acts (driving on a public road and walking onto a public baseball field), appellant did not have a constitutionally protected right to knowingly cause Ms. Henderhan to believe he would cause her physical harm or mental distress by engaging in those acts closely related in time in contravention of several "no contact" orders. Appellant has failed to present any evidence which makes the statute void and unenforceable when applied to the facts sub judice.
Appellant further challenges the wording of the October 2, 1998 indictment:
 That JEFFREY WAYNE GRIGSBY late of said County from on or about the 15th day of June in the year of our Lord one thousand nine hundred and ninety-eight, to on or about the 18th day of September in the year of our Lord one thousand nine hundred and ninety-eight, at the County of Stark, aforesaid, did, by engaging in a pattern of conduct, knowingly cause one, Tina Henderhan, to believe that the said JEFFREY WAYNE GRIGSBY will cause physical harm to Tina Henderhan or cause mental distress to Tina Henderhan, being a felony of the fifth degree, said JEFFREY WAYNE GRIGSBY having been previously convicted of a violation of Section 2903.211 of the Ohio Revised Code involving Tina Henderhan, in Canton Municipal Court (Case No. 96 CRB 01854) on or about July 8, 1996, in violation of Section 2903.211 of the Ohio Revised Code, contrary to the statute in such cause made and provided, and against the peace and dignity of the State of Ohio.
Appellant makes a general argument that the indictment is defective but does not set forth any specific reasons in support. Upon review, we find the indictment adequately informed appellant of the charge against him. The trial court did not err in denying appellant's pretrial and post trial motions.
Assignments of Error I and III are denied.
 II
Appellant claims the trial court erred in denying his motions for directed verdict. We disagree.
Crim.R. 29 governs motions for judgment of acquittal and states as follows:
 The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.
The standard in determining a Crim.R. 29 motion is set out inState v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus:
 Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proven beyond a reasonable doubt.
Appellant was convicted of menacing by stalking definedsupra. The prosecution produced evidence of appellant showing up at a baseball field in June of 1998 and being within twenty to thirty feet of Ms. Henderhan's person. T. at 121-122. One month later, on several occasions, appellant drove by Ms. Henderhan's home and yelled to her in contravention of a "no contact" order dated July 6, 1998. T. at 123, 124, 126, 130, 170, 189. In August, appellant drove by Ms. Henderhan's home and called for their son. T. at 127.
As for mental distress, Ms. Henderhan testified "I have trouble sleeping. I have a hard time concentrating at work sometimes. I am always worried, kind of paranoid, always looking over my shoulder. I am worried about my children. I am afraid he is going to take them. Worried about my husband. I'm always afraid he might be sneaking up behind him or I am just getting really paranoid." T. at 137-138. Mr. Henderhan testified his wife became very withdrawn after the incidents with appellant. T. at 171. A neighbor, Jermaine Lynn, observed Ms. Henderhan shaken and upset. T at 188, 190.
Upon review, we find sufficient evidence presented to the jury wherein reasonable minds could have reached different conclusions as to whether each material element of menacing by stalking was proven beyond a reasonable doubt. As for any arguments under this assignment regarding the constitutionality of R.C. 2903.211, said arguments are moot given our decision in Assignments of Error I and III.
Assignment of Error II is denied.
 IV
Appellant claims the trial court erred in admitting evidence of appellant's prior acts. Specifically, appellant claims the trial court erroneously permitted testimony that appellant struck Ms. Henderhan in 1993 and took their son without permission and kept him for a month in 1994. We disagree.
The admission or exclusion of evidence rests in the trial court's sound discretion. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
Evid.R. 404(B) governs the admissibility of other crimes, wrongs or acts and states as follows:
 Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.
As stated by our brethren from the Ninth District inBilder at 658:
 Other acts evidence can be particularly useful in prosecutions for menacing by stalking because it can assist the jury in understanding that a defendant's otherwise innocent appearing acts, [in the case sub judice, driving on a public road and walking onto a public baseball field] when put into the context of previous contacts he has had with the victim, may be knowing attempts to cause mental distress.
Accordingly, in the case sub judice, the testimony of appellant striking Ms. Henderhan in 1993 and taking their son without permission in 1994, taken in context with appellant's numerous drive-bys and attendance at the baseball field wherein appellant was near Ms. Henderhan's person, assisted the jury in determining whether appellant "knowingly" engaged in a pattern of conduct aimed at causing Ms. Henderhan mental distress. In addition, the trial court properly charged the jury on "other acts" evidence. T. at 330-331.
Upon review, we find the trial court did not err in permitting the testimony of appellant's prior acts.
Assignment of Error IV is denied.
 V
Appellant claims the trial court erred in sentencing him to the maximum prison term. We disagree.
Sentencing rests in the trial court's sound discretion.State v. O'Dell (1989), 45 Ohio St.3d 140; Blakemore. Pursuant to R.C. 2953.08(G), our standard of review on this issue is clear and convincing evidence.
R.C. 2929.14 governs basic prison terms. Subsections (C) states as follows:
 (C) Expert as provided in division (G) of this section or in Chapter 2925. of the Revised Code, the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
During sentencing, the trial court noted "[t]here have been numerous prior orders of various courts that have been just willfully disregarded here. This man had served at least two jail terms that have not deterred him at all. One under the menacing charge, one under the interference with custody charge and it didn't deter him a bit." T. at 362-363. The trial court further noted:
 * * * The Court has weighed the seriousness of the offense, the recidivism factors in this case which are going right back and doing the same thing over again. The Court finds that a prison term is necessary and it's consistent with the purpose and principles of the felony sentencing in the State of Ohio which are to require the punishment of the offender and to protect the public from future criminal activity of this particular Defendant.
* * *
 The Court feels that the conduct in this particular case is the worst particular type of conduct that's evidenced by the statute and why we have the statute against menacing by stalking. And I think the fact he was convicted of the exact same offense and went right back to doing it again * * *.
* * *
 The Court finds that the offense here falls in the category of being the most serious type of offense under this statute. He poses a great likelihood to the community of future criminal activity. To give less than the maximum sentence in this case would demean the seriousness of this crime and would also demean the victim's harm that she has suffered in this particular matter and it would not adequately protect the victim from the Defendant.
T. at 363, 364-365, respectively.
Upon review, we find the record supports the trial court's conclusions. On numerous occasions, appellant drove by Ms. Henderhan's home and shouted to her. Appellant also approached Ms. Henderhan's person at a baseball field and was within twenty to thirty feet of her. These acts caused mental distress to Ms. Henderhan and were committed in contravention of several "no contact" orders regarding Ms. Henderhan. Furthermore, appellant was previously convicted of the same offense against Ms. Henderhan.
Assignment of Error V is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Farmer, J., Hoffman, P.J. and Reader, V.J. concur.
------------------------
------------------------
 ------------------------ JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed.
------------------------
------------------------
 ------------------------ JUDGES