OPINION
{¶ 1} Appellant Rickey J. Betz appeals the decision of the Court of Common Pleas, Stark County, which classified him as a sexual predator under R.C. 2950.09. The relevant facts leading to this appeal are as follows.
 {¶ 2} On August 12, 1994, appellant was indicted on one count of rape, one count of gross sexual imposition, one count of corruption of a minor, and one count of complicity to kidnapping. The indictment stemmed from an incident involving appellant and a fifteen-year-old female victim on or about August 2, 1994. See State v. Betz (Oct. 2, 1995), Stark App. No. 1995CA00104. Appellant, following a jury trial, was found guilty of one count of rape, one count of gross sexual imposition, one count of corruption of a minor, and one count of abduction. On February 14, 1995, appellant was sentenced to an indeterminate term of ten to twenty-five years in prison.
 {¶ 3} In 2003, the warden of appellant's correctional institution recommended that he be classified as a sexual predator. A classification hearing was thereupon scheduled by the trial court. Prior thereto, on June 13, 2003, appellant filed motions to dismiss on ex post facto, retroactivity, and double jeopardy grounds. The trial court overruled all of appellant's said motions. Appellant thereafter stipulated to a sexual predator classification, against the advice of defense counsel. A judgment entry was filed on July 30, 2003, finding appellant to be a sexual predator pursuant to R.C. 2950.09.
 {¶ 4} Appellant filed a notice of appeal on August 6, 2003, and herein raises the following five Assignments of Error:
 {¶ 5} "I. The Trial Court erred in overruling appeallant's (sic) motion to dismiss the house Bill 180 (hereinafter H.B. 180) proceedings against him on ex post facto grounds.
 {¶ 6} "II. The Trial Court erred in overruling appellant's motion to dismiss the H.B. 180 proceedings against him on retroactive application grounds.
 {¶ 7} "III. The Trial Court erred in overruling appellant's motion to dismiss the H.B. 180 proceedings against him on double jeopardy grounds.
 {¶ 8} "IV. The trial court erred in overruling appellant's motion to dismiss because H.B. 180 is unconstitutionally vague.
 {¶ 9} "V. The trial court erred in denying appellant's motion for funds to allow for a psychological evaluation thereby denying him due process."
 I. {¶ 10} In his First Assignment of Error, appellant argues the trial court erred in failing to dismiss the sexual predator classification proceedings against him on the basis of the federal constitutional prohibition against ex post facto laws. We disagree.
 {¶ 11} The Ohio Supreme Court rejected this type of argument inState v. Cook (1998), 83 Ohio St.3d 404, paragraph two of the syllabus, 1998-Ohio-291, cert. denied (1999), 525 U.S. 1182. See, also, Cutshallv. Sundquist (C.A. 6, 1999), 193 F.3d 466, cert denied (2000),529 U.S. 1053; State v. Vincent (Feb. 3, 2000), Stark App. No. CA99-03. Appellant concedes the existence of the Cook holding, but contends "[t]he Ohio Supreme Court * * * has not explained how the current provisions of H.B. 180, as applied to Appellant, do not violate constitutional safeguards against ex post facto laws." Appellant's Brief at 16. However, in making an "unconstitutional as applied" argument, the burden is on an appellant "to present clear and convincing evidence of a presently existing set of facts which makes the statute void and unconstitutional when applied thereto." See State v. Dario (1995),106 Ohio App.3d 232, 240. Appellant herein thus fails to demonstrate why the aforesaid seminal rule of Cook would not be applicable to his sexual predator classification.
 {¶ 12} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 13} In his Second Assignment of Error, appellant argues the trial court erred in failing to dismiss the sexual predator classification proceedings against him on the basis of the state constitutional prohibition against retroactive laws. We disagree.
 {¶ 14} In Cook, supra, the Ohio Supreme Court held that R.C.2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the retroactivity clause of Section 28, Article2, of the Ohio Constitution. State v. Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167, 1997CA00222. Additionally, in State v. Everly
(Dec. 20, 1999), Stark App. No. 1999CA00125, we noted: "Even though Cook
specifically dealt with a factual situation that falls under R.C.2950.09(B)(1) (in which the defendant was sentenced after the effective date of 2950.09(B)(1)), and the case before this court deals with a factual situation that falls under R.C. 2950.09(C)(1) (in which defendant was sentenced and serving prison time when 2950.09(C)(1) became effective), this court finds the reasoning in Cook to be applicable to the situation before this court. * * * The consequences of being found a sexual predator, whether under 2950.09(B)(1) or (C)(1) are the same in terms of registration and community notification."
 {¶ 15} Accordingly, appellant's Second Assignment of Error is overruled.
 III. {¶ 16} In his Third Assignment of Error, appellant argues his classification as a sexual predator violates the federal and state prohibitions against double jeopardy. This assigned error is overruled on the authority of State v. Williams (2000), 88 Ohio St.3d 513, 527-28, cert. denied sub non., Suffecool v. Ohio (2000), 531 U.S. 902.
 {¶ 17} Appellant's Third Assignment of Error is overruled.
 IV. {¶ 18} In his Fourth Assignment of Error, appellant argues the court erred in overruling his motion to dismiss on the basis that H.B. Bill 180, amending R.C. Chapter 2950, is unconstitutionally vague. This claimed error is overruled on the basis of Williams, supra, at 533.
 {¶ 19} Appellant's Fourth Assignment of Error is overruled.
 V. {¶ 20} In his Fifth Assignment of Error, appellant argues the court erred in overruling his motion requesting the appointment of a psychological expert. We disagree.
 {¶ 21} In State v. Eppinger (2001), 91 Ohio St.3d 158, the Ohio Supreme Court addressed the need for the appointment of an expert witness in a sexual offender classification hearing, holding as follows: "An expert witness shall be provided to an indigent defendant at an R.C.2950.09(B)(1) sexual offender classification hearing if the court determines, within its sound discretion, that such services are reasonably necessary to determine whether the offender is likely to engage in the future in one or more sexually oriented offenses within the meaning of R.C. 2950.01(E)." Id. at syllabus.
 {¶ 22} However, in State v. Davidson (June 3, 2002), Stark App. No. 2001CA00386, we found it unnecessary to review on appeal whether a sexual predator classification hearing was conducted in accordance with the "model procedure," as set forth in Eppinger, where the appellant had waived his right to a hearing and stipulated to being classified a sexual predator. We hold a similar result is warranted as to an analysis of theEppinger guidelines on the appointment of an expert psychological witness, where, as here, the appellant has stipulated to the classification.
 {¶ 23} Accordingly, appellant's Fifth Assignment of Error is overruled.
 {¶ 24} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Edwards, J., and Boggins, J., concur.
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs to appellant.