JUDGMENT ENTRY
This appeal is considered on the accelerated calendar under App. R. 11.1(E) and Loc. R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct. R.Rep.Op. 3(A).
Defendant-appellant Grant Crawford appeals his conviction, following a bench trial, for menacing by stalking in violation of R.C. 2903.211. He was sentenced as appears of record. Crawford raises two assignments of error for our review.
In his first assignment of error, Crawford contends the trial court erred in finding him guilty of menacing by stalking as set forth in R.C. 2903.211, because the term "mental distress" is unconstitutionally vague. But because Crawford failed to raise this argument below, it has been waived.[1] Consequently, we overrule Crawford's first assignment of error.
In his second assignment of error, Crawford argues that the trial court erred in denying his Crim. R. 29 motion for an acquittal because the state failed to produce expert testimony on the element of mental distress.
The standard of review for the denial of a Crim. R. 29 motion is the same as the standard of review for sufficiency.[2] To reverse a conviction for insufficient evidence, the reviewing court must be persuaded, after viewing all the evidence in the light most favorable to the prosecution, that no rational trier of fact could have found the essential elements of the crime proved beyond a reasonable doubt.[3]
R.C. 2903.211(A)(1) provides, in pertinent part, that "[n]o person by engaging in a pattern of conduct shall knowingly cause another person to believe that the offender will cause physical harm to the other person or cause mental distress to the other person." R.C. 2903.211(D)(2) defines mental distress as follows: "(a) [a]ny mental illness or condition that involves some temporary substantial incapacity; (b) [an]y mental illness or condition that would normally require psychiatric treatment, psychological treatment, or other mental health services, whether or not any person requested or received psychiatric treatment, psychological treatment, or other mental health services." Ohio appellate courts, including this court, have held that "expert testimony is not required to establish the existence of mental distress of a victim for the purpose of proving an element of menacing by stalking."[4] "Rather, it is the function of the trier of fact to determine whether a victim suffered mental distress as a result of the offender's behavior."[5]
In viewing the evidence in a light most favorable to the prosecution, we hold that a rational trier of fact could have found that the state had sufficiently proved the "mental distress" element of menacing by stalking beyond a reasonable doubt. The victim testified that Crawford had called her repeatedly at work in late April 2003. At first the calls pertained to Crawford's request for payment for work that he had completed on rental property the victim owned. Crawford told the victim that he was going to sue her. When the victim told Crawford to stop calling her, he continued to call. According to the victim, the conversations got "a little bit more aggressive, a little angrier" each time. Crawford told the victim that "he had people that were in town; if he needed to get his money, he would somehow." The victim became scared when Crawford began telling her that he knew personal information about her.
In May 2003, Crawford called the victim at her home, which frightened her a great deal because she had an unlisted phone number. About a week later, Crawford appeared at the victim's place of employment and left a letter with one of her co-workers. The letter, which had been handwritten by Crawford, was addressed to the victim's insurance company. The letter contained the victim's date of birth and social-security number. In the letter, Crawford accused the victim of engaging in insurance fraud. The victim was so frightened that she contacted the security department at her place of employment. Crawford continued to call the victim at her place of employment and at home.
The victim testified that she missed four days of work due to severe migraine headaches. She went to an Urgent Care facility for treatment on May 2, 2003. The victim testified that although she had other stresses in her life at the time when Crawford's communications began, she thought that his behavior contributed to her headaches. She further testified that she was very scared of Crawford because she did not know what his motives were. The victim testified that she subsequently contacted the Forest Park and Springdale Police Departments and filed complaints against Crawford. Both the Forest Park and Springdale police officers who took the victim's complaints testified that the victim was visibly upset and cried when she filed the complaints. Based upon these facts, we hold that the trial court had before it sufficient evidence that the victim had suffered "mental distress." As a result, we overrule Crawford's second assignment of error and affirm the judgment of the trial court.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App. R. 27. Costs shall be taxed under App. R. 24.
Doan, P.J., Hildebrandt and Sundermann, JJ.
[1] State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, syllabus ("Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.").
[2] State v. Bridgeman (1978), 55 Ohio St.2d 261,381 N.E.2d 184, syllabus.
[3] State v. Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52,678 N.E.2d 541; State v. Waddy (1992), 63 Ohio St.3d 424, 430,588 N.E.2d 819.
[4] State v. Smith (1998), 126 Ohio App.3d 193, 203,709 N.E.2d 1245; State v. Schwab (1997), 119 Ohio App.3d 463, 472,695 N.E.2d 801; State v. Tichon (1995), 102 Ohio App.3d 758,763, 658 N.E.2d 16; State v. Dario (1995), 106 Ohio App.3d 232,241, 665 N.E.2d 759; State v. Kent (Apr. 21, 2000), 1st Dist. Nos. C-990267 and C-990268.
[5] Schwab, supra, at 472.