OPINION
{¶ 1} Appellant Eric Brunner appeals the decision of the Court of Common Pleas, Stark County, which classified him as a sexual predator under R.C. 2950.09.
 {¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 3} The relevant facts leading to this appeal are as follows.
 {¶ 4} On May 20, 1996, appellant was tried before a jury in the Stark County Court of Common Pleas on one count of rape and one count of attempt to commit rape.
 {¶ 5} At trial, the State presented the testimony of the two alleged victims regarding the attack. Both testified they were at the residence of one of the victims, Ms. Williams, between 2:30 and 3:00 a.m. when appellant came to visit. Appellant is victim Williams= first cousin. Both victims fell asleep with the lights and television on. Williams testified she woke up and all the lights were off, and appellant was on top of her. She testified she could see and feel appellant's long braids. He held her hands above her head and had vaginal intercourse with her. Williams testified she noticed nothing unusual about his penis.
 {¶ 6} The other women, Ms. Daniels, testified she awoke to find appellant rubbing her breast. All the lights in the house were off. She fell back asleep but awoke a second time to find appellant attempting to get on top of her. She ran away from him to another room, and locked the door. Daniels also testified she noticed nothing unusual about appellant's penis.
 {¶ 7} Appellant did not testify on his own behalf, but his fiancee testified appellant's penis is of an unusual shape and that he has difficulty inserting it into a vagina without assistance.
 {¶ 8} At the conclusion of the jury trial, Appellant was found guilty of one count of Rape and one count of Attempt to Commit Rape. Appellant was sentenced to an indeterminate term of 5 to 25 years on the rape conviction and a consecutive indeterminate term of 4 to 15 years on the attempted rape conviction, for an aggregate indeterminate term of 9 to 40 years in prison.
 {¶ 9} Appellant Brunner appealed his convictions and sentences to this court which affirmed same. See State v. Brunner (May 27, 1997), Stark App. No. 1996-CA-0181.
 {¶ 10} In 2004, a sexual predator classification hearing was scheduled by the trial court. Prior to the scheduled hearing, on May 5, 2004, appellant filed motions to dismiss on ex post facto, retroactivity, unconstitutionality and double jeopardy grounds. The trial court overruled all of appellant's said motions. Appellant thereafter filed a motion requesting a psychological evaluation to assist in determining his sexual predator classification. The trial court granted said motion.
 {¶ 11} On August 16, 2004, the trial court proceeded with the evidentiary hearing. At said hearing, Appellant renewed his prior motions which were again overruled by the trial court.
 {¶ 12} At the classification hearing, two witnesses testified on behalf of the State. The first witness was Dr. Steven Dean, Ph.D., a licensed psychologist ordered by the court to conduct a risk assessment evaluation of Appellant. The second witness was Lt. Bruce Allison of the Canton Police Department who had been the investigating detective in 1996.
 {¶ 13} At the conclusion of the hearing, the trial court found appellant to be a sexual predator by clear and convincing evidence pursuant to R.C. 2950.09. Said decision was journalized on August 19, 2004.
 {¶ 14} Appellant now appeals, raising the following five Assignments of Error:
 ASSIGNMENTS OF ERROR {¶ 15} "I. The trial court erred in classifying appellant as a predator without a record of clear and convincing evidence sufficient to support the finding.
 {¶ 16} "II. The trial court erred in overruling appellant's motion to dismiss the H.B. 180 proceedings against him on ex post facto grounds.
 {¶ 17} "III. The trial court erred in overruling appellant's motion to dismiss the H.B. 180 proceedings against him on retroactive application grounds.
 {¶ 18} "IV. The trial court erred in overruling appellant's motion to dismiss H.B. 180 proceedings against him on double jeopardy grounds.
 {¶ 19} "V. The trial court erred in overruling appellant's motion to dismiss because H.B. 180 is unconstitutionally vague."
 I. {¶ 20} In his first Assignment of Error, appellant argues the trial court erred in classifying him as a sexual predator without clear and convincing evidence. We disagree.
 {¶ 21} Specifically, appellant argues that there was no credible evidence that he was likely to reoffend.
 {¶ 22} Revised Code 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses."
 {¶ 23} Revised Code 2950.09(B)(3) sets forth the relevant factors a trial court is to consider in making its determination:
 {¶ 24} "(3) In making a determination . . . as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
 {¶ 25} "(a) The offender's or delinquent child's age;
 {¶ 26} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 27} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 28} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 29} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 30} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 31} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 32} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 33} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty;
 {¶ 34} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 35} The trial court shall determine an offender to be a sexual predator only if the evidence presented convinces the trial court by clear and convincing evidence. R.C. 2950.09(C)(2)(b). Clear and convincing evidence is evidence "which will produce in the mind of the trier of fact a firm belief or conviction as to the facts sought to be established."Garcia, 126 Ohio App.3d at 487.
 {¶ 36} Upon review of the record, we find that the trial court reviewed each of the statutory factors relevant in this matter. The court found that at the time of the offense, Appellant was 26 years old and both of his victims were 22 years old; that appellant used alcohol during these assaults; that Appellant had a criminal record which included sexual assaults both as a juvenile and as an adult; that there was a pattern of sexual abuse and that the sexual assaults involved force. Additionally, Steven Dean, a licensed psychologist employed by Melymbrosia Associates, testified that the psychological evaluation he performed found that Appellant posed a high risk to reoffend.
 {¶ 37} Upon review of the record, we find the trial court did consider the factors enumerated in R.C. 2950.09(B)(3), and its conclusion to classify appellant as a sexual predator is supported by competent, credible evidence.
 {¶ 38} Appellant's first assignment of error is overruled.
 II. {¶ 39} In his Second Assignment of Error, appellant argues the trial court erred in failing to dismiss the sexual predator classification proceedings against him on the basis of the federal constitutional prohibition against ex post facto laws. We disagree.
 {¶ 40} The Ohio Supreme Court rejected this type of argument in Statev. Cook (1998), 83 Ohio St.3d 404, paragraph two of the syllabus, 1998-Ohio-291, cert. denied (1999), 525 U.S. 1182. See, also, Cutshallv. Sundquist (C.A. 6, 1999), 193 F.3d 466, cert denied (2000),529 U.S. 1053; State v. Vincent (Feb. 3, 2000), Stark App. No. CA99-03. Appellant concedes the existence of the Cook holding, but contends "[t]he Ohio Supreme Court * * * has not explained how the current provisions of H.B. 180, as applied to Appellant, do not violate constitutional safeguards against ex post facto laws." Appellant's Brief at 16. However, in making an "unconstitutional as applied" argument, the burden is on an appellant "to present clear and convincing evidence of a presently existing set of facts which makes the statute void and unconstitutional when applied thereto." See State v. Dario (1995),106 Ohio App.3d 232, 240. Appellant herein thus fails to demonstrate why the aforesaid seminal rule of Cook would not be applicable to his sexual predator classification.
 {¶ 41} Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 42} In his Third Assignment of Error, appellant argues the trial court erred in failing to dismiss the sexual predator classification proceedings against him on the basis of the state constitutional prohibition against retroactive laws. We disagree.
 {¶ 43} In Cook, supra, the Ohio Supreme Court held that R.C.2950.09(B)(1), as applied to conduct prior to the effective date of the statute, does not violate the retroactivity clause of Section 28, Article2, of the Ohio Constitution. State v. Albaugh (February 1, 1999), Stark App. Nos. 1997CA00167, 1997CA00222. Additionally, in State v. Everly
(Dec. 20, 1999), Stark App. No. 1999CA00125, we noted: "Even though Cook
specifically dealt with a factual situation that falls under R.C.2950.09(B)(1) (in which the defendant was sentenced after the effective date of 2950.09(B)(1)), and the case before this court deals with a factual situation that falls under R.C. 2950.09(C)(1) (in which defendant was sentenced and serving prison time when 2950.09(C)(1) became effective), this court finds the reasoning in Cook to be applicable to the situation before this court. * * * The consequences of being found a sexual predator, whether under 2950.09(B)(1) or (C)(1) are the same in terms of registration and community notification."
 {¶ 44} Accordingly, appellant's Third Assignment of Error is overruled.
 IV. {¶ 45} In his Fourth Assignment of Error, appellant argues his classification as a sexual predator violates the federal and state prohibitions against double jeopardy. This assigned error is overruled on the authority of State v. Williams (2000), 88 Ohio St.3d 513, 527-28, cert. denied sub non., Suffecool v. Ohio (2000), 531 U.S. 902.
 {¶ 46} Appellant's Fourth Assignment of Error is overruled.
 V. {¶ 47} In his Fifth Assignment of Error, appellant argues the court erred in overruling his motion to dismiss on the basis that H.B. Bill 180, amending R.C. Chapter 2950, is unconstitutionally vague. This claimed error is overruled on the basis of Williams, supra, at 533.
 {¶ 48} Appellant's Fifth Assignment of Error is overruled.
 {¶ 49} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Boggins, P.J. Hoffman, J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Costs assessed to appellant.