**KREUZER, Appellee,**

v.

**KREUZER, Appellant.**

[Cite as *Kreuzer v. Kreuzer* (2001), 144 Ohio App.3d 610.]

Court of Appeals of Ohio,
Second District, Greene County.

No. 2001 CA 9.

Decided July 13, 2001.

*Gary R. Johnson,* for appellee.

*Lawrence D. Kreuzer, pro se.*

WOLFF, Presiding Judge.

Lawrence D. Kreuzer appeals from a domestic violence civil protection order ("CPO") made after a full hearing.  Karen L. Kreuzer, Mr. Kreuzer's former

wife, had previously obtained an *ex parte* civil protection order which precipitated the full hearing. The trial court determined that the evidence established that Mr. Kreuzer had committed domestic violence by virtue of having committed the offense of menacing by stalking, as defined by R.C. 2903.211, by operation of R.C. 3113.31(A)(1)(b). Having so found, the court granted a protection order that prohibited Mr. Kreuzer from, *inter alia,* abusing Mrs. Kreuzer or coming within one hundred yards of her. Menacing by stalking, as found by the trial court, consisted of Mr. Kreuzer's knowingly causing Mrs. Kreuzer to believe that he would cause her mental distress by his engaging in a pattern of conduct. R.C. 2903.211(A).

Mr. Kreuzer appears *pro se* in this court. Mrs. Kreuzer has not made an appearance.

Mr. Kreuzer advances two assignments of error, which we consider in reverse order:

"The court erred and abused its discretion in finding that appellant *knowingly* caused appellee to believe that he would cause physical harm to her or cause mental distress to her."

■ The testimony from Mrs. and Mr. Kreuzer was mostly free of conflict. Mrs. Kreuzer testified that she applied for a CPO because Mr. Kreuzer had been picketing her home three to four times during a two-month period immediately prior to her seeking the CPO on February 29, 2001. She stated that Mr. Kreuzer parked his car in her front yard (which was apparently permissible) and walked from property line to property line. She testified that he would picket for an hour to an hour and a half between 7:30 and 9:00 p.m., when it was dark. Mrs. Kreuzer stated that the picketing made her "very uncomfortable," and that when Mr. Kreuzer was picketing, she and the parties' eighteen-year-old daughter were prisoners in their own home. She stated that she was afraid to exit or enter her driveway when Mr. Kreuzer was present, and Mr. Kreuzer confirmed by his testimony that whenever he observed Mrs. Kreuzer entering or exiting her driveway she was escorted by a third party. Mrs. Kreuzer testified that Mr. Kreuzer had not threatened her, but that she was nevertheless afraid to go outside when he was present because "he's capable of anything." She testified that she's been abused by Mr. Kreuzer (referring to an incident the day after the parties' divorce in 1985 of which Mr. Kreuzer was acquitted), that Mr. Kreuzer has been in her home uninvited (based on a statement by her son, who was not a witness), and that she was "scared to death" simply being in the same courtroom with him. Mrs. Kreuzer testified that she lived a couple of streets off "the main road" on "the last street toward the woods," and that her street had no street lights or sidewalks. She also stated that her former husband had picketed her

home from time to time for several years, once almost every day for eleven months.

Mr. Kreuzer admitted the picketing activity, and he acknowledged that Mrs. Kreuzer always called the sheriff, who related to him her desire that he leave. He said that he pickets his former wife's home because he has had little contact with the parties' daughter. He said his picket sign says "children have visitation rights, too" and contains no vulgar, inciting, or threatening words. Mrs. Kreuzer said she couldn't read the sign because of the darkness. Although he denied being in Mrs. Kreuzer's home, saying his detailed information about her home came from his mother whom Mrs. Kreuzer had told about her home, he did acknowledge entering the home of the trial judge who handled the case in 1985.

Mr. Kreuzer contends in his second assignment that there is no proof that he knowingly caused Mrs. Kreuzer to believe he would cause her mental distress. "Mental distress" is defined as "any mental illness or condition that involves some temporary, substantial incapacity or mental illness or condition that would normally require psychiatric treatment." R.C. 2903.211(D)(2). "A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature." R.C. 2901.22(B).

The trial court found that Mr. Kreuzer had knowingly caused Mrs. Kreuzer to believe that he would cause mental distress to her. Mr. Kreuzer does not argue that the evidence failed to show that he caused his former wife to believe that he would cause her mental distress. Rather, he argues that the evidence failed to show that he acted knowingly.

Culpable mental states may be shown by circumstantial as well as direct evidence. Mrs. Kreuzer testified that, in effect, she was seized by paralyzing fear when Mr. Kreuzer was outside her home, picketing in the dark. The testimony established, and Mr. Kreuzer concedes, that he has been picketing Mrs. Kreuzer's home from time to time since 1987, at one time almost every day for eleven months. Based on the testimony relating to Mr. Kreuzer's picketing activity over the years, Mr. Kreuzer's admitted knowledge that Mrs. Kreuzer was disturbed and frightened by this activity, and the evidence that he had entered the trial judge's home in 1985, the trial court could have reasonably inferred that Mr. Kreuzer was aware that his conduct would probably cause Mrs. Kreuzer to believe that he would cause her mental distress.

The second assignment is overruled.

"The court erred and abused its discretion in finding that appellant's conduct was in violation of ORC 2903.211 where the conduct is not supported by the quantum of evidence required by law."

Menacing by stalking requires proof of a "pattern of conduct" that causes another to believe the offender will cause physical harm or mental distress. R.C. 2903.21(A). "Pattern of conduct" means two or more actions or incidents closely related in time. R.C. 2903.211(D)(1). Mr. Kreuzer contends that the three or four incidents of picketing cannot satisfy the pattern-of-conduct requirement because peaceful picketing is protected speech under the first amendment.

In disposing of a constitutional challenge to R.C. 2903.211, the Court of Appeals for Hamilton County has stated:

"We do not believe it is fairly within the protection of the First Amendment's guarantee of free speech to *knowingly* cause another to believe one will cause physical harm or mental distress to him or her by engaging in two or more actions or incidents closely related in time." (Emphasis *sic*.) *State v. Benner* (1994), 96 Ohio App.3d 327, 329–330, 644 N.E.2d 1130, 1132.

Although Mr. Kreuzer's picketing activities might qualify as protected speech in another place at another time, we do not think they qualify as protected speech on the facts of this case. Mr. Kreuzer targeted his former wife's home, located on an unlit back street, after dark. The record discloses no audience for his message, which, in any event, was not readable in the darkness. Mr. Kreuzer's behavior served no other purpose than to torment his former wife and the parties' daughter.

The first assignment is overruled.

The judgment will be affirmed.

*Judgment affirmed.*

GRADY and FREDERICK N. YOUNG, JJ., concur.