This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Defendant-Appellant Michael Kincaid has appealed from a decision of the Lorain County Court of Common Pleas that convicted him of aggravated robbery and assault. This Court reverses.
 I
{¶ 2} On April 9, 2001, Appellant called the Lorain County Police Department claiming that he had been robbed at gunpoint. When questioned by the responding police officer, Appellant claimed that the man that robbed him was robbing a store across the street. The police officer asked for a description of the robber and Appellant gave the officer several conflicting descriptions. At this time, the officer noticed that Appellant appeared delusional, so he proceeded to place Appellant in the back seat of his police cruiser. While Appellant was briefly detained, the officer learned that Appellant had previously called the police with unsubstantiated claims that he was robbed. Appellant was placed under arrest for filing false reports.
{¶ 3} Appellant was transported to Lorain County Jail and then to Community Health Partners Hospital for evaluation. While at the hospital, Appellant became disruptive and violent with several police officers, nurses and an emergency room physician. The police officers were attempting to subdue Appellant when he tried to remove an officer's revolver from the holster. The police officer stopped Appellant by hitting Appellant's hands with a flashlight. As a result of the altercation, the police officer and an emergency room physician sustained injuries.
{¶ 4} On June 6, 2001, Appellant was indicted by the Lorain County Grand Jury on one count of aggravated robbery, in violation of R.C.2911.01(B); one count of assault on a police officer, in violation of R.C. 2903.13(A); and one count of assault, in violation of R.C. 2903.13(A). Appellant pled not guilty, and the case proceeded to a jury trial. After the state's case-in-chief, Appellant moved for acquittal pursuant to Crim.R. 29 and the trial court denied the motion. At the close of all the evidence, Appellant renewed his Crim.R. 29 motion for acquittal, and the trial court again denied the motion. The case was submitted to a jury and Appellant was found guilty on all counts as charged in the indictment. The trial court sentenced Appellant accordingly. Appellant has now appealed, asserting five assignments of error, some of which we have consolidated to facilitate review.
 II Assignment of Error Number One {¶ 5} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE WHEN IT LIMITED APPELLANT'S CROSS-EXAMINATION, ALLOWED THE STATE TO IMPROPERLY QUESTION APPELLANT ON THE VERACITY OF OTHER WITNESSES AND IMPROPERLY CHARGED THE JURY IN VIOLATION OF APPELLANT'S STATE AND FEDERAL CONSTITUTIONAL DUE PROCESS RIGHTS TO CONFRONT AND CROSS-EXAMINE WITNESSES, TO PRESENT FAVORABLE EVIDENCE ON HIS BEHALF PROCESS [SIC] AND THE RIGHT TO A FAIR TRIAL."
{¶ 6} In Appellant's first assignment of error, he has attempted to consolidate three separate and distinct issues. We need address only one issue contained in Appellant's first assignment of error, however.
 A {¶ 7} "THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE IN ITS CHARGE TO THE JURY BY UNCONSTITUTIONALLY DILUTING THE REQUIREMENT THAT THE STATE PROVE EACH AND EVERY ELEMENT OF THE OFFENSE[S] BEYOND A REASONABLE DOUBT."
{¶ 8} Appellant has argued that the trial court erred when it instructed the jury to disregard the mental state of Appellant in determining whether Appellant committed the offenses as charged. Specifically, he has claimed that the trial court's jury instruction had the effect of 1) unconstitutionally diluting the requirement that the state prove each and every element of the offenses charged beyond a reasonable doubt; and 2) essentially eliminating the mens rea element of "knowingly," required in a conviction for the crimes charged. We agree.
{¶ 9} Jury instructions are within the trial court's discretion, which we will not disturb absent an abuse of discretion. State v. Guster
(1981), 66 Ohio St.2d 266, 271. In reviewing jury instructions on appeal, we must consider the specific charge at issue in the context of the entire charge, not in isolation. State v. Thompson (1987),33 Ohio St.3d 1, 13. An inadequate jury instruction that, in effect, misleads the jury constitutes reversible error. Sharp v. Norfolk W. Ry. Co. (1995), 72 Ohio St.3d 307, 312, citing Marshall v. Gibson
(1985), 19 Ohio St.3d 10, 12.
{¶ 10} In the instant case, Appellant was convicted of aggravated robbery, a violation of R.C. 2911.01(B);[1] assault, a violation of R.C. 2903.13(A); and assault on a police officer, a violation of R.C.2903.13(A)[2]. The culpable mental state for each offense is "knowingly." The trial court presented the jury with conflicting instructions regarding the mental state required for each crime. Initially, the trial court defined "knowingly" and instructed the jury that:
 {¶ 11} "A person acts knowingly, regardless of their purpose, when he or she is aware of — when he or she is aware that their conduct will probably cause a certain result, or will probably be of a certain nature.
 {¶ 12} "A person has knowledge of circumstances when he or she is aware that such circumstances probably exist.
 {¶ 13} "Since you cannot look into the mind of another, knowledge is determined from the facts and circumstances in evidence.
 {¶ 14} "You will determine from these facts and circumstances whether there existed at the time in the mind of the defendant an awareness of the probability that his actions constituted the offense charged." (Emphasis added.)
{¶ 15} The trial court's definition of "knowingly" required the jury to look at all the facts and circumstances in evidence to determine whether Appellant was aware that his actions would result in conduct prohibited by R.C. 2911.01(B) and R.C. 2903.13(A). However, the trial court negated this duty when it later instructed:
 {¶ 16} "You have heard evidence regarding the defendant's mental state prior to and at the time of the offense. You are hereby instructed that the defendant has not raised the defense of not guilty by reason of insanity, and as the State of Ohio does not recognize the partial defense of diminished capacity, you are to disregard any evidence of defendant's mental state.
 {¶ 17} "You are further instructed to not consider whether as a result of defendant's mental state he lacked the intent to commit the offenses charged." (Emphasis added.)
{¶ 18} Appellant has contended that the instructions effectively commanded the jury to disregard the surrounding facts and circumstances that were relevant and crucial to the jury's determination that he acted "knowingly."
{¶ 19} "Jury instructions must be viewed in their totality, and if the law is clearly and fairly expressed, no reversal will be predicated upon an error in a portion of the charge." Margroff v. Cornwell QualityTools, Inc. (1991), 81 Ohio App.3d 174, 177. However, despite the trial court's definition of "knowingly," we find that the instruction to "disregard any evidence of defendant's mental state," would necessarily require the jury to dismiss any evidence related to Appellant's ability to understand or appreciate that his actions would result in the proscribed conduct.
{¶ 20} This Court assumes that the jury, pursuant to the trial court's jury instructions, failed to properly consider all the evidence presented. See Pang v. Minch (1990), 53 Ohio St.3d 186, paragraph four of the syllabus (stating that the jury is presumed to follow instructions given by the trial court). And if the jury failed to review or consider all evidence relating to Appellant's "aware[ness] that his conduct will probably cause a certain result," it is prevented from properly concluding that, as a matter of law, Appellant acted "knowingly" when he attempted to remove the officer's gun or cause physical harm to another.
{¶ 21} We understand that the trial court instructed the jury to disregard any evidence of defendant's mental state in an attempt to prevent the jury from concluding that Appellant suffered from diminished capacity at the time of the offense; the defense of diminished capacity is not a recognized defense in the State of Ohio. See State v. Wilcox
(1982), 70 Ohio St.2d 182, paragraph one of the syllabus. Nevertheless, the trial court went too far when it essentially told the jury to disregard an essential element (that Appellant acted "knowingly") of the crimes charged.
{¶ 22} The trial court should have specifically instructed the jury that the evidence of Appellant's mental state to be disregarded was his use of phencyclidine ("PCP"), possible effects of PCP on Appellant, any testimony implying that Appellant suffered from a mental defect or illness, testimony indicating that Appellant was delusional and under the influence of a drug, and testimony concerning prior psychiatric evaluations given to Appellant at the Nord Center (a facility that evaluates people for mental illness). The court should have further instructed the jury that all other facts and circumstances were to be considered in light of its definition of "knowingly," because "[c]ulpable mental states may be shown by circumstantial as well as direct evidence."Kreuzer v. Kreuzer (2001), 144 Ohio App.3d 610, 613.
{¶ 23} Additionally, with respect to Appellant's conviction for aggravated robbery, the trial court compounded the jurors' confusion by incorrectly defining an essential element of the crime charged. The offense of aggravated robbery is governed by R.C. 2911.01(B), which provides:
 {¶ 24} "(B) No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both the following apply:
 {¶ 25} "(1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;
 {¶ 26} "(2) The offender knows or has reasonable cause to know that the law enforcement officer is a law enforcement officer."
{¶ 27} In an effort to explain the element of "attempt to remove," the trial court defined "criminal attempt" as follows: "A criminal attempt is when one purposely does or fails to do anything which is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime." (Emphasis added.)
{¶ 28} The trial court's definition of "criminal attempt" was inappropriate for two reasons. First, it had the effect of transforming the crime of aggravated robbery from a general intent crime into a specific intent crime.[3] That is, the term "criminal attempt" requires that a party act "purposely," defined in R.C. 2901.22(A) as follows:
 {¶ 29} "A person acts purposely when it is his specific intention to cause a certain result, or, when the gist of the offense is a prohibition against conduct of a certain nature, regardless of what the offender intends to accomplish thereby, it is his specific intention to engage in conduct of that nature."
{¶ 30} The offense of aggravated robbery does not require that a party act "purposely." Rather, it only requires the culpable mental state of "knowingly," and as previously stated a person can act knowingly, regardless of his purpose. The prosecution did not have to prove that Appellant intended to remove the officer's gun, but that Appellant was probably aware that his conduct would cause a certain result. Thus, pursuant to R.C. 2911.01(B), in determining whether Appellant was guilty of aggravated robbery, the jury had to conclude that Appellant (1) knowingly removed or attempted to remove the officer's gun, or (2) knowingly deprived or attempted to deprive the officer of his gun.
{¶ 31} Moreover, the trial court failed to define the word "purposely." The jury, in reaching its verdict on count one, reviewed the evidence with the notion that they had to believe Appellant acted "knowingly" and/or "purposely," without understanding what the latter term actually meant.
{¶ 32} To avoid confusion, the court should have defined "attempt" as set forth in Ohio Jury Instructions. The standard Ohio jury instruction for aggravated robbery defines "attempt" without using the term "purposely." See 4 Ohio Jury Instructions (2002), Section 511.01(B), at 376. For purposes of R.C. 2911.01(B), OJI states that "[a]n `attempt' occurs when a person knowingly engages in conduct that, if successful, would result in the commission of this offense." (Emphasis added.) Id. Although the jury instructions contained in OJI are not mandatory, seeCircuit Solutions v. Artglo Sign Co. (Jan. 10, 2001), 9th Dist. No. 00CA007617, at 11, we note that the instructions for aggravated robbery contained therein are consistent with R.C. 2911.01(B).
{¶ 33} Consequently, this Court concludes that the trial abused its discretion when it charged the jury to disregard Appellant's mental state, thereby effectively, eliminating an essential element of the crimes charged. The trial court's instructions were so misleading and prejudicial that such instructions rise to the level of reversible error. Accordingly, Appellant's first assignment of error is sustained.
 Assignment of Error Number Two {¶ 34} "THE TRIAL COURT DEPRIVED APPELLANT OF A FAIR TRIAL BY FAILING TO HOLD A MEANINGFUL COMPETENCY HEARING AS REQUIRED BY [R.C. 2945.37] AND [R.C. 2949.371]."
 Assignment of Error Number Three {¶ 35} "R.C. 2911.01(B) IS UNCONSTITUTIONALLY VOID FOR VAGUENESS AS THE STATUTE DOES NOT DISTINGUISH BETWEEN CRIMINAL CONDUCT AND NON-CRIMINAL CONDUCT."
 Assignment of Error Number Four {¶ 36} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN VIOLATION OF [CRIM.R. 29] ARTICLE 1
SECTION 10 OF THE OHIO CONSTITUTION AND THE DUE PROCESS CLAUSE OF THE CONSTITUTION OF THE UNITED STATES WHEN IT DENIED APPELLANT[']S MOTION FOR ACQUITTAL."
 Assignment of Error Number Five {¶ 37} "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT ENTERED JUDGMENT OF CONVICTION, WHERE SUCH JUDGMENT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
{¶ 38} Based on our disposition of Appellant's first assignment of error, we decline to address Appellant's remaining assignments of error. See App.R. 12(A)(1)(c).
 III
{¶ 39} Appellant's first assignment of error is sustained; we decline to address the remaining assignments of error. The judgment of the trial court is reversed, and the cause remanded for proceedings consistent with this opinion.
BATCHELDER, J. CONCURS, SLABY, P.J. DISSENTS.
[1] R.C. 2911.01(B) provides:
 "No person, without privilege to do so, shall knowingly remove or attempt to remove a deadly weapon from the person of a law enforcement officer, or shall knowingly deprive or attempt to deprive a law enforcement officer of a deadly weapon, when both the following apply:
 "(1) The law enforcement officer, at the time of the removal, attempted removal, deprivation, or attempted deprivation, is acting within the course and scope of the officer's duties;
 "(2) The offender knows or has reasonable cause to know that the law enforcement officer is a law enforcement officer."
[2] R.C. 2903.13(A) states: "No person shall knowingly cause or attempt to cause physical harm to another or to another's unborn."
[3] This Court has held that an offense that requires the culpable mental state of "knowingly" is not a specific intent offense. See Statev. Salim (Aug. 16, 2000), 9th Dist. No. 2969-M, at 13-14.